Kevin P. McCulloch (S.D. Tex. Bar No. 3574874)
Nate A. Kleinman (S.D. Tex. Bar No. 3574873)
MCCULLOCH KLEINMAN LAW
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
kevin@mkiplaw.com
nate@mkiplaw.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AARON M. SPRECHER,<br><br>*Plaintiff*,<br><br>v.<br><br>DESHAUN WATSON,<br><br>*Defendant*. | Civil Case No.<br><br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff AARON M. SPRECHER ("PLAINTIFF"), by and through undersigned counsel

and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court,

hereby demands a trial by jury of all claims and issues so triable, and, as and for his Complaint

against Defendant DESHAUN WATSON ("DEFENDANT") hereby asserts and alleges as

follows:

1

## NATURE OF THE ACTION

1.     This is an action for copyright infringement arising out of DEFENDANT'S unauthorized reproduction and display of PLAINTIFF'S original photographs. PLAINTIFF seeks injunctive and monetary relief under the U.S. Copyright Act, as amended, 17 U.S.C. § 101 *et seq*.

## PARTIES

2.     PLAINTIFF is a professional freelance photographer who specializes in creating and licensing sports photography, including National Football League ("NFL") events and athletes.

3.     PLAINTIFF makes his living by earning royalties from the licensing of his photographs, primarily as an independent contributor to the Associated Press ("AP").

4.     PLAINTIFF is a resident of Houston, Texas.

5.     DEFENDANT is a top-tier professional athlete and current NFL quarterback for the Houston Texans.

6.     Upon information and belief, DEFENDANT is a resident of Houston, Texas.

## JURISDICTION AND VENUE

7.     Jurisdiction for PLAINTIFF'S claims lie with the United States District Court for the Southern District of Texas pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*., 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction of any Act of Congress related to copyrights).

8.     Venue is proper in this Court under 28 U.S.C. §§ 1400(a) and 1391(b) because a substantial part of the events giving rise to PLAINTIFF'S claims occurred here and because DEFENDANT may be found in this District.

9.     This Court has personal jurisdiction over DEFENDANT because he resides and conducts substantial and ongoing business in this District.

**FACTUAL ALLEGATIONS**

10.     Upon information and belief, DEFENDANT personally created and operates accounts on the social media platforms Instagram, Facebook, and Twitter, through which he regularly publishes and shares photographs with his approximately 1.4 million followers.

11.     On or about September 14, 2017, PLAINTIFF shot the two photos shown below prior to an NFL football game between the Houston Texans and Cincinnati Bengals in Cincinnati, Ohio (the "Texans/Bengals Photos").

 

12.     PLAINTIFF created and is the sole author of the Texans/Bengals Photos.

13.     PLAINTIFF registered his copyrights in both Texans/Bengals Photos with the U.S. Copyright Office under Registration No. VA0002205527.

14.     Upon information and belief, on or about September 16, 2017, DEFENDANT copied and published one of PLAINTIFF'S Texans/Bengals Photos on his personal Instagram account, as shown below and attached hereto as Exhibit 1.



15.     Upon information and belief, on or about May 17, 2018, DEFENDANT published the other Texans/Bengals Photo on his personal Instagram account, as shown below and attached hereto as Exhibit 2.



16.     Upon information and belief, on or about January 23, 2020, PLAINTIFF shot the photo shown below of DEFENDANT signing autographs after a Houston Texans practice leading up to the 2020 "Pro Bowl" game held in Kissimmee, Florida (the "Pro Bowl Photo").



17.     Upon information and belief, PLAINTIFF created and is the sole author of the Pro Bowl Photo.

18.     Upon information and belief, PLAINTIFF registered his copyright in the Pro Bowl Photo with the U.S. Copyright Office under Registration No. VA0002206698.

19.     Upon information and belief, on or about January 24, 2020, DEFENDANT published the Pro Bowl Photo on his personal Instagram account, as shown below and attached hereto as Exhibit 3.



20.     DEFENDANT did not seek or obtain permission, authorization, or a license from PLAINTIFF for the use of PLAINTIFF'S Photographs.

21.     PLAINTIFF did not grant permission, authorization, or a license to DEFENDANT related to any of PLAINTIFF'S Photographs.

22.     Upon information and belief, DEFENDANT did not seek or obtain permission, authorization, or a license from AP for the use of PLAINTIFF'S Photographs identified herein.

23.     Upon information and belief, AP did not issue a license or grant permission to DEFENDANT for the use of PLAINTIFF'S Photographs and has expressly denied that it provided copies of PLAINTIFF'S Photographs identified herein to DEFENDANT.

24.     Upon information and belief, DEFENDANT did not seek or obtain permission, authorization, or a license from either the NFL or the Houston Texans for the use of PLAINTIFF'S Photographs identified herein.

25.     Upon information and belief, neither the NFL nor the Houston Texans issued a license or granted permission to DEFENDANT for the use of PLAINTIFF'S Photographs and the NFL and Texans have expressly denied that they provided copies of PLAINTIFF'S Photographs identified herein to DEFENDANT.

26.     Upon information and belief, in addition to the three specific Photographs identified, DEFENDANT also previously posted other photographs belonging to PLAINTIFF on his social media accounts without permission or a license.

27.     Prior to bringing this action, PLAINTIFF advised AP and the NFL that DEFENDANT did not have a license or permission to use his photographs on his social media accounts without purchasing a license in advance and demanded that they take the necessary steps to advise DEFENDANT and instruct him to remove the unauthorized social media posts and to

stop using PLAINTIFF'S photographs without permission.

28.    Upon information and belief, despite PLAINTIFF'S requests, DEFENDANT has failed to take down his social media posts featuring unauthorized copies of PLAINTIFF'S Photographs and continued to copy, publish, and use without permission or a license other photographs belonging to PLAINTIFF, including those identified herein, even after being notified of PLAINTIFF'S copyrights.

29.    Upon information and belief, DEFENDANT'S September 16, 2017 Instagram post featuring an unauthorized copy of PLAINTIFF'S Texans/Bengals Photo remains published as of August 31, 2020 and has generated a total of 35,499 "likes."

30.    Upon information and belief, DEFENDANT'S May 17, 2018 Instagram post featuring an unauthorized copy of PLAINTIFF'S other Texans/Bengals Photo remains published as of August 31, 2020 and has generated a total of 91,608 "likes."

31.    Upon information and belief, DEFENDANT'S January 24, 2020 Instagram post featuring an unauthorized copy of PLAINTIFF'S Pro Bowl Photo has since been removed, but not before generating at least 44,460 "likes."

## COUNT I

### COPYRIGHT INFRINGEMENT

32.    PLAINTIFF repeats and re-alleges each allegation set forth above as if set forth fully herein.

33.    The foregoing acts constitute an infringement of PLAINTIFF'S copyrights in the Photographs identified herein (registered under VA0002205527 and VA0002206698) under Section 106 of the Copyright Act.

34.    Upon information and belief, DEFENDANT infringed PLAINTIFF'S copyrights

7

in and to the Photographs identified herein by copying, reproducing, publishing, and publicly displaying the Photographs, including on his social media accounts.

35.     PLAINTIFF did not license or otherwise grant permission to DEFENDANT to copy, reproduce, publicly display, distribute, or use his copyrighted Photographs on social media platforms.

36.     Upon information and belief, DEFENDANT did not obtain permission, authorization, or a license to publish and display PLAINTIFF'S Photographs identified herein on his social media accounts.

37.     Upon information and belief, DEFENDANT knew and/or acted with reckless disregard of PLAINTIFF'S copyrights by continuing to copy and publish PLAINTIFF'S Photographs after being notified of PLAINTIFF'S claims and by failing to ensure that the photos he used on social media were properly licensed.

38.     By his continued copying and display of PLAINTIFF'S Photographs without a valid license, DEFENDANT caused PLAINTIFF significant injuries, damages, and losses in amounts to be determined at trial.

**WHEREFORE,** PLAINTIFF respectfully prays for judgment on his behalf and for the following relief:

1.     A trial by jury of all claims and issues so triable;

2.     A permanent injunction against DEFENDANT from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted works identified herein, and requiring DEFENDANT to deliver to the Court for destruction or other

appropriate disposition of all infringing materials, including digital files of PLAINTIFF'S Photographs, that are in the control, possession, or custody of DEFENDANT;

3.      All allowable damages under the Copyright Act, including but not limited to statutory or actual damages, including damages incurred as a result of PLAINTIFF'S loss of licensing revenue and DEFENDANT'S profits attributable to the infringements, and damages suffered as a result of the lack of credit and attribution;

4.      Such other and further relief as the Court may deem just and proper.


Dated:   September 14, 2020

                Respectfully submitted,

                /s/ Kevin P. McCulloch
                Kevin P. McCulloch, Esq.
                Nate A. Kleinman, Esq.
                McCulloch Kleinman Law
                501 Fifth Avenue, Suite 1809
                New York, New York 10017
                Tel: (212) 355-6050
                kevin@mkiplaw.com