Kevin P. McCulloch (S.D. Tex. Bar No. 3574874)
Nate A. Kleinman (S.D. Tex. Bar No. 3574873)
MCCULLOCH KLEINMAN LAW
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
kevin@mkiplaw.com
nate@mkiplaw.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AARON M. SPRECHER, <br><br> *Plaintiff*, <br><br> v. <br><br> DESHAUN WATSON, <br><br> *Defendant*. | Civil Case No. 4:20-cv-03196 <br><br> **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff AARON M. SPRECHER ("PLAINTIFF"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and, as and for his First Amended Complaint against Defendant DESHAUN WATSON ("WATSON" or "DEFENDANT") hereby asserts and alleges as follows:

1

## NATURE OF THE ACTION

1. This is an action for copyright infringement arising out of DEFENDANT'S unauthorized reproduction, display, use and commercial exploitation of PLAINTIFF'S original and copyrighted photographs (collectively, the "Photographs").

2. PLAINTIFF seeks injunctive and monetary relief under the U.S. Copyright Act, as amended, 17 U.S.C. § 101 *et seq*.

## PARTIES

3. PLAINTIFF is a professional freelance photographer who specializes in creating and licensing high-quality sports photography, including photographs of National Football League ("NFL") events and athletes.

4. In any and all instances relevant here, PLAINTIFF created his original photographs at NFL events and games that he was permitted to attend pursuant to a media credential that allowed him to create original photographs to which he owns and retains all copyrights.

5. PLAINTIFF makes his living by earning royalties from the licensing of his photographs, primarily as an independent contributor to the Associated Press ("AP").

6. PLAINTIFF is a resident of Houston, Texas.

7. DEFENDANT is a top-tier and prominent professional athlete and current NFL quarterback for the Houston Texans.

8. Upon information and belief, DEFENDANT is a resident of Houston, Texas.

## JURISDICTION AND VENUE

9. Jurisdiction for PLAINTIFF'S claims lie with the United States District Court for the Southern District of Texas pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*., 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the

Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction of any Act of Congress related to copyrights).

10. Venue is proper in this Court under 28 U.S.C. §§ 1400(a) and 1391(b) because a substantial part of the events giving rise to PLAINTIFF'S claims occurred here and because DEFENDANT may be found in this District.

11. This Court has personal jurisdiction over DEFENDANT because he resides and conducts substantial and ongoing business in this District.

## FACTUAL ALLEGATIONS

12. Upon information and belief, DEFENDANT personally created and operates accounts on various social media platforms, including Instagram, Facebook, and Twitter ("SOCIAL MEDIA ACCOUNTS"), through which he regularly publishes and shares photographs with his approximately 3 million total followers.

13. Upon information and belief, DEFENDANT uses his SOCIAL MEDIA ACCOUNTS for various commercial purposes, including but not limited to promoting third-party brands and products that he is paid to endorse and publicize.

14. Upon information and belief, DEFENDANT earns revenue and profit for endorsing and publicizing products and brands on his SOCIAL MEDIA ACCOUNTS.

15. Upon information and belief, DEFENDANT earns revenue and profit for associating his name, likeness, and/or image with and otherwise generating publicity for the brands and products he endorses and publicizes on his SOCIAL MEDIA ACCOUNTS and among his 3 million followers.

16. Upon information and belief, DEFENDANT also uses his SOCIAL MEDIA ACCOUNTS for the commercial purpose of publicizing himself and his own brand and image.

17. Upon information and belief, DEFENDANT uses his SOCIAL MEDIA ACCOUNTS for the commercial purpose of increasing his own popularity and/or publicity, which are crucial factors in the amount of revenue and profit that DEFENDANT is able to earn from the sale and licensing of his name, image, and likeness rights and/or through endorsement contracts.

18. Upon information and belief, DEFENDANT selected, copied, used, and exploited PLAINTIFF'S Photographs due to their high quality and in order to further, advance, and otherwise benefit the various commercial purposes for which DEFENANT uses his SOCIAL MEDIA ACCOUNTS.

19. Upon information and belief, DEFENDANT personally controls his various SOCIAL MEDIA ACCOUNTS.

20. Upon information and belief, DEFENDANT personally selected, copied, and published PLAINTIFF'S Photographs identified herein.

21. Upon information and belief, DEFENDANT copied, and published PLAINTIFF'S Photographs identified herein without permission, authorization, or license.

22. On or about September 14, 2017, PLAINTIFF shot the three photographs of WATSON shown below prior to an NFL football game between the Houston Texans and Cincinnati Bengals in Cincinnati, Ohio (the "Texans/Bengals Photos").







23. PLAINTIFF created these Texans/Bengals Photos pursuant to a valid media/photojournalist credential.

24. PLAINTIFF is the sole author and owner of all copyrights in and to these three Texans/Bengals Photos.

25. PLAINTIFF registered his copyrights in the Texans/Bengals Photos with the U.S. Copyright Office under Registration Nos. VA0002205527 and VA0002219150.

26. Upon information and belief, on or about September 16, 2017, DEFENDANT copied and published one of PLAINTIFF'S Texans/Bengals Photos on his Instagram account, as shown below:



27. Upon information and belief, DEFENDANT did not request or obtain permission or license to copy, reproduce, display, or use PLAINTIFF'S photograph in any manner prior to copying, publishing, and using it on his Instagram account.

28. Upon information and belief, on September 26, 2017, DEFENDANT published another of the Texans/Bengals Photos on his Instagram account, as shown below:



29. Upon information and belief, DEFENDANT did not request or obtain permission or license to copy, reproduce, display, or use PLAINTIFF'S photograph in any manner prior to copying, publishing, and using it on his Instagram account.

30. Upon information and belief, DEFENDANT copied, published, and used these two Texans/Bengals Photos for commercial purposes as alleged herein.

31. Upon information and belief, in the two Texans/Bengals photos shown above, DEFENDANT is shown prominently wearing "Beats by Dre" brand headphones.

32. Upon information and belief, DEFENDANT signed an endorsement deal with the Beats brand headphones in 2017, shortly before publishing these two photographs on his Instagram account.

33. Upon information and belief, DEFENDANT'S endorsement deal with Beats requires and/or incentivizes DEFENDANT to utilize his SOCIAL MEDIA ACCOUNTS, including Instagram, to promote and feature DEFENDANT wearing and/or using Beats products.

34. Upon information and belief, DEFENDANT obtains a financial benefit from promoting, publicizing, and endorsing the "Beats by Dre" brand and its products, including on his SOCIAL MEDIA ACCOUNTS.

35. Upon information and belief, DEFENDANT obtained a financial benefit and revenue from using PLAINTIFF'S Texans/Bengals Photos to promote, publicize, and endorse the "Beats by Dre" brand and its products on his SOCIAL MEDIA ACCOUNTS.

36. Upon information and belief, DEFENDANT routinely uses his SOCIAL MEDIA ACCOUNTS, including his Instagram account, to promote various brands and products, including by both publishing explicitly "sponsored" social media posts that directly reference or promote a brand/product and by including products and brands in posts (i.e. "product placement") that are not explicitly identified as "sponsored" content.

37. Upon information and belief, DEFENDANT reaps a direct financial benefit by using product placement as a technique to promote Beats headphones to his approximate 1.5 million social media followers on Instagram.

38. Upon information and belief, DEFENDANT specifically chose to publish the two photographs shot by PLAINTIFF and included above because they prominently feature DEFENDANT wearing Beats headphones.

39. Upon information and belief, on or about May 17, 2018, DEFENDANT published the third Texans/Bengals Photo on his personal Instagram account, as shown below.



40. Upon information and belief, DEFENDANT not only published the third Texans/Bengals Photo on his Instagram feed but also selected this photo to use as his main profile picture, which is visible every time DEFENDANT posts a photo/content to his Instagram feed.

41. Upon information and belief, DEFENDANT used PLAINTIFF'S third Texans/Bengals Photo as his main profile picture on Instagram until at least January 2019.

42. Upon information and belief, on or about January 23, 2020, PLAINTIFF shot the photo shown below of DEFENDANT signing autographs after a Houston Texans practice leading up to the 2020 "Pro Bowl" game held in Kissimmee, Florida (the "Pro Bowl Photo").



43. Upon information and belief, PLAINTIFF created and is the sole author of the Pro Bowl Photo.

44. PLAINTIFF created the Pro Bowl Photo pursuant to a valid media/photojournalist credential.

45. PLAINTIFF is the sole author and owner of all copyrights in and to the Pro Bowl Photo.

46.     Upon information and belief, PLAINTIFF registered his copyright in the Pro Bowl Photo with the U.S. Copyright Office under Registration No. VA0002206698.

47.     Upon information and belief, on or about January 24, 2020, DEFENDANT published the Pro Bowl Photo on his personal Instagram account, as shown below.



48. Attached hereto as <u>Exhibit 1</u> is a chart detailing DEFENDANT'S unauthorized and infringing uses of PLAINTIFF'S Photographs and the respective copyright registration information for each work at issue.

49. Upon information and belief, DEFENDANT did not seek or obtain permission, authorization, or a license from PLAINTIFF, or any other authorized party, for the use of PLAINTIFF'S Photographs.

50. PLAINTIFF did not grant permission, authorization, or a license to DEFENDANT related to any of PLAINTIFF'S Photographs.

51. Upon information and belief, DEFENDANT did not seek or obtain permission, authorization, or a license from AP for the use of PLAINTIFF'S Photographs identified herein.

52. Upon information and belief, AP did not issue a license or grant permission to DEFENDANT for the use of PLAINTIFF'S Photographs and has expressly denied that it provided copies of PLAINTIFF'S Photographs identified herein to DEFENDANT.

53. Upon information and belief, DEFENDANT did not seek or obtain permission, authorization, or a license from either the NFL or the Houston Texans for the uses of PLAINTIFF'S Photographs identified herein.

54. Upon information and belief, neither the NFL nor the Houston Texans have valid rights or authority or license to issue a sub-license or grant permission to DEFENDANT for the uses of PLAINTIFF'S Photographs identified herein.

55. Prior to bringing this action, PLAINTIFF advised AP and the NFL that DEFENDANT did not have a license or permission to use his photographs on his social media accounts without purchasing a license in advance and demanded that they take the necessary steps

to advise DEFENDANT and instruct him to remove the unauthorized social media posts and to stop using PLAINTIFF'S photographs without permission.

56. Upon information and belief, despite PLAINTIFF'S requests, at least prior to this action, DEFENDANT failed to remove or take down his posts on his SOCIAL MEDIA ACCOUNTS featuring unauthorized copies of PLAINTIFF'S Photographs and continued to copy, publish, and use without permission or a license other photographs belonging to PLAINTIFF, including those identified herein, even after being notified of PLAINTIFF'S copyrights.

57. Upon information and belief, DEFENDANT'S September 16, 2017 Instagram post featuring an unauthorized copy of PLAINTIFF'S Texans/Bengals Photo remained published as of August 31, 2020 and generated a total of 35,499 "likes."

58. Upon information and belief, DEFENDANT'S September 26, 2017 Instagram post featuring an unauthorized copy of PLAINTIFF'S other Texans/Bengals Photo remained published as of August 31, 2020 and generated a total of 47,418 "likes."

59. Upon information and belief, DEFENDANT'S May 17, 2018 Instagram post featuring an unauthorized copy of PLAINTIFF'S other Texans/Bengals Photo remained published as of August 31, 2020 and generated a total of 91,608 "likes."

60. Upon information and belief, DEFENDANT'S January 24, 2020 Instagram post featuring an unauthorized copy of PLAINTIFF'S Pro Bowl Photo has since been removed, but not before generating at least 44,460 "likes."

## COUNT I
## COPYRIGHT INFRINGEMENT

61. PLAINTIFF repeats and re-alleges each allegation set forth above as if set forth fully herein.

62. The foregoing acts by DEFENDANT constitute infringements of PLAINTIFF'S

copyrights in the Photographs identified herein that are registered under copyrights VA0002205527; VA0002206698; and VA0002219150.

*63.* The foregoing acts by DEFENDANT violate PLAINTIFF'S exclusive copyrights in the Photographs in violation of the Copyright Act, 17 U.S.C. §§101, *et seq.*

64. Upon information and belief, DEFENDANT infringed PLAINTIFF'S copyrights in and to the Photographs identified herein by his unauthorized copying, reproducing, publishing, and publicly displaying the Photographs, including on his SOCIAL MEDIA ACCOUNTS.

65. PLAINTIFF did not license or otherwise grant permission to DEFENDANT to copy, reproduce, publicly display, distribute, or use his copyrighted Photographs in any manner.

66. Upon information and belief, DEFENDANT did not obtain permission, authorization, or a license to publish and display PLAINTIFF'S Photographs identified herein prior to publishing them on his SOCIAL MEDIA ACCOUNTS.

67. Upon information and belief, DEFENDANT knew and/or acted willfully under the law and with reckless disregard of PLAINTIFF'S copyrights by continuing to copy and publish PLAINTIFF'S Photographs after being notified of PLAINTIFF'S claims and by failing to ensure that the photographs that he published and used on his SOCIAL MEDIA ACCOUNTS were properly licensed.

68. Upon information and belief, DEFENDANT used and exploited PLAINTIFF'S Photographs without permission as alleged herein for commercial purposes.

69. By his copying and display of PLAINTIFF'S Photographs without a valid license, DEFENDANT caused PLAINTIFF significant injuries, damages, and losses in amounts to be determined at trial.

**WHEREFORE,** PLAINTIFF respectfully prays for judgment on his behalf and for the

following relief:

1. A trial by jury of all claims and issues so triable;

2. A permanent injunction against DEFENDANT from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted works identified herein, and requiring DEFENDANT to deliver to the Court for destruction or other appropriate disposition of all infringing materials, including digital files of PLAINTIFF'S Photographs, that are in the control, possession, or custody of DEFENDANT;

3. All allowable damages under the Copyright Act, including but not limited to statutory or actual damages, including damages incurred as a result of PLAINTIFF'S loss of licensing revenue and DEFENDANT'S profits attributable to the infringements, and damages suffered as a result of the lack of credit and attribution;

4. Such other and further relief as the Court may deem just and proper.

Dated: January 12, 2021

                                              Respectfully submitted,

                                              */s/ Kevin P. McCulloch*
                                              Kevin P. McCulloch, Esq.
                                              McCulloch Kleinman Law
                                              kevin@mkiplaw.com